IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RONALD DOYLE, ROBERT DEUEL,
BENEDICT MILLER, and CHARLES          No. 1:06-cv-03058-PA
STEINBERG,

        Plaintiffs,

    v.                              **OPINION AND ORDER**

CITY OF MEDFORD, and
MICHAEL DYAL,

        Defendants.

**PANNER, J.**

Four retired employees of the City of Medford claim the City
violated the Age Discrimination in Employment Act (ADEA) by
failing to provide health insurance after retirement.  The
parties now file cross-motions for summary judgment.  I deny
plaintiffs' motion and grant the City's motion.

### BACKGROUND

In 1990, the City negotiated with the City's police
officers' union to purchase health insurance through the Oregon
Teamsters Employers Trust (OTET).  OTET's health insurance plan

1 - OPINION AND ORDER

did not allow retired officers to continue coverage.

Until 2002, the City provided health insurance for management employees that allowed retirees to continue coverage. The City then contracted with OTET to provide health insurance for management employees. OTET's monthly premiums were several hundred dollars less than the previous premiums, but OTET did not cover retirees.

Plaintiffs Charles Steinberg and Benedict Miller were police officers and union members. Steinberg was born in 1950 and retired in 2003. Miller was born in 1950 and retired in 2006.

Plaintiffs Ron Doyle and Robert Deuel were management employees. Doyle was the City Attorney. He was born in 1949 and retired in 2005. Deuel was a City engineer. He was born in 1949 and retired in 2003.

The City refused to provide plaintiffs with health insurance after their retirements. In 2006, plaintiffs brought this action for age discrimination under state and federal law, violation of federal due process rights, breach of contract, and violation of a state statute. I granted defendants' motion for summary judgment on plaintiffs' ADEA and federal due process claims. Doyle v. City of Medford, 2007 WL 2248161 (D. Or. 2007). On appeal, the Ninth Circuit reversed and remanded to allow further discovery on the ADEA claims. Doyle v. City of Medford, 327 Fed. Appx. 702 (9th Cir. 2009). The Ninth Circuit affirmed summary

2 - OPINION AND ORDER

judgment for defendants on the due process claims. Doyle v. City
of Medford, 606 F.3d 667 (9th Cir. 2010).

I dismissed without prejudice plaintiffs' state law claims.
Plaintiffs then filed the state law claims in Jackson County
Circuit Court. After trial, the state court issued judgment for
all four plaintiffs on their claims for violations of Or. Rev.
Stat. § 243.303[1] and breach of contract, and for Doyle and Miller
on their claims for age discrimination based on disparate impact.
The state court awarded Doyle $111,142; Deuel, $54,586; Miller,
$79,866; and Steinberg, $37,208. That judgment is on appeal.

## STANDARDS

The court must grant summary judgment if there are no
genuine issues of material fact and the moving party is entitled
to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the
moving party shows there are no genuine issues of material fact,
the nonmoving party must go beyond the pleadings and designate
facts showing an issue for trial. Celotex Corp. v. Catrett, 477
U.S. 317, 322-23 (1986).

## DISCUSSION

## I.   Issue Preclusion

### A.   Standards for Issue Preclusion

The "full faith and credit" statute, 28 U.S.C. § 1738,

---

[1] The statute requires that local governments provide their
retired employees the same health insurance coverage as active
employees, "insofar as and to the extent possible."

requires federal courts to give a state court judgment the same
preclusive effect the judgment would have under state law.
Engquist v. Or. Dep't of Agriculture, 478 F.3d 985, 1007 (9th
Cir. 2007), aff'd, 553 U.S. 591 (2008).  Oregon law determines
issue preclusion here.  Id.  Although the state trial court
judgment is on appeal, the judgment has preclusive effect.  See
Skeen v. Dep't of Human Resources, 171 Or. App. 557, 560 n.3, 17
P.3d 526, 528 n.3 (2000).

     Under Oregon law, issue preclusion applies when (1) the
issue in the two proceedings is identical; (2) the issue was
actually litigated and a determination of the issue was essential
to a final decision on the merits in the prior proceeding;
(3) the party sought to be precluded had a full and fair
opportunity to be heard on the issue; (4) the party to be
precluded was a party or in privity with a party to the prior
proceeding; and (5) the prior proceeding was the type of
proceeding to which the court will give preclusive effect.
Nelson v. Emerald People's Utility District, 318 Or. 99, 104, 862
P.2d 1293, 1296-97 (1993).  Here, only the first element, whether
the issues are identical, is in dispute.

     **B.  Discussion**

          **1. Issue Preclusion Bars the Disparate Treatment Claims**

          Under both federal law and state law, the issue in
plaintiffs' disparate treatment claims is the same:  whether the

City stopped providing health insurance for retired employees
because of their age. Compare 29 U.S.C. § 623(a)(1) (prohibiting
employers from discriminating "against any individual with
respect to his compensation, terms, conditions, or privileges of
employment, because of such individual's age"); Gross v. FBL Fin.
Servs., Inc., 129 S. Ct. 2343, 2350 (2009) (issue is whether "age
was the 'but-for' cause of the employer's adverse decision"),
with Or. Rev. Stat. § 659A.030(1)(a) (prohibiting  employers from
discriminating "because of an individual's . . . age");
Christianson v. State, 239 Or. App. 451, 455, 244 P.3d 904, 906
(2010) ("the ultimate factual question . . . is whether the
plaintiff has proved that the defendant intentionally
discriminated against the plaintiff, that is, whether the
defendant treated the plaintiff differently, and adversely,
because of her age"), review denied, 350 Or. 297, 255 P.3d 489
(2011).

     Here, the state court concluded plaintiffs did not prove
that

     the age of the retirees was a motivating factor in the
     City's determination to move the management group to
     OTET coverage in the fall of 2001 nor to continue the
     OTET coverage already in place for other employees.
     Nor is there anything else in the record to persuade
     the Court that the defendant's decisions were actually
     motivated by plaintiffs' age, or were made deliberately
     and intentionally to discriminate against retirees
     because of their age.  Defendant dealt with these
     plaintiffs in their status as retirees, not because of
     the age of these plaintiffs.

5 - OPINION AND ORDER

Defs.' Ex. 618, at 35 (original emphasis).  Because the state
court judgment resolved the issue presented here, issue
preclusion bars plaintiffs' ADEA disparate treatment claim.

## 2. Issue Preclusion Does Not Apply to the Disparate Impact Claims

The state court ruled for Doyle and Miller on their
disparate impact claims.  Because the Oregon age discrimination
statute protects employees age 18 or older, while the ADEA
protects employees only age 40 or older, issue preclusion does
not apply to the state court's disparate impact ruling.  Compare
Or. Rev. Stat. § 659A.030(1)(a) (protecting employees "18 years
of age or older"), with 29 U.S.C. § 631(a) (protecting employees
who are at least age 40).

In ruling for plaintiffs on the disparate impact claims, the
state court concluded "the policy affects employees over the age
of 18 at a significantly higher rate than employees under the age
of 18."  Defs.' Ex. 618, at 37-38.  The state court showed little
enthusiasm for its ruling:

    application of the BOLI [Bureau of Labor and
    Industries] rule in the context of Oregon's unusual age
    discrimination statute produces a result, such as the
    one in this case, that makes little sense.  It is not
    even clear that Medford has any employees under the age
    of 18 (the unprotected class), which means any time
    there is any action of any kind that applies to all of
    the employees regardless of their age (i.e., whether
    they are 18 or 76 years old), there arguably is a
    disparate impact and a violation of ORS 659A.030.  This
    court has serious doubts that the legislature intended
    to create such a strange construct for measuring
    disparate impact, but it is not this Court's place to

6 - OPINION AND ORDER

rewrite either the statute or the BOLI rule.

Id. at 39 (original emphasis). Because of the significant difference between the Oregon age discrimination statute and the ADEA, the state court's ruling on the disparate impact claims has no issue preclusive effect here.

## II. The Merits of Plaintiffs' Disparate Impact Claim

I conclude that the City is entitled to summary judgment on plaintiffs' disparate impact claims. To establish a disparate impact claim, a plaintiff must: "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1190 (9th Cir. 2002).

### A. Plaintiffs Have Not Shown Disparate Impact

I agree with the City that it did not violate the ADEA by failing to provide health insurance for retired employees. Although almost all of the City's retired employees are over 40, here "retired" means that the employee no longer works for the City, not necessarily that the employee is no longer working for any employer. See Defts. Reply at 4.

The City provides health insurance for all current employees regardless of age. It distinguishes between retired employees and current employees, not between employees under 40 and over

7 - OPINION AND ORDER

40. According to plaintiffs, more than half of the City's current employees are over 40. The City does not provide health insurance for retired employees, regardless of age, if they were covered by OTET insurance while working for the City.

Plaintiffs cite EEOC v. Local 350, Plumbers and Pipefitters, 998 F.2d 641 (9th Cir. 1993). There, a union prohibited retired members from seeking employment through the union hall if the retiree was receiving pension benefits. Because union members could not retire until they were age 55, there was "very close connection between age and the factor on which discrimination is based." 998 F.2d at 646; cf. Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993) (termination of employee because of pension status does not necessarily violate the ADEA, although pension status is "correlated with age").

Here, a City employee may retire, that is, stop working for the City, at any age, so retirement status and age, while correlated, are not as closely connected as pension benefits and age were in Local 350. The City may distinguish between retired and current employees without violating the ADEA. Cf. Erie County Retirees Ass'n v. County of Erie, 220 F.3d 193, 216 n.14 (3d Cir. 2000) (dicta) (when an employer "treat[s] retirees differently than active employees with respect to the provision of benefits . . . it would seem difficult to contend that such a distinction would be based on any 'individual's age,' as it would

8 - OPINION AND ORDER

be predicated instead on the individual's employment status"
(internal citations omitted)). The ADEA does not require that
the City provide retired employees with the same health care
benefits as current employees.

## B. The City Has Shown Its Decision Was Based on Reasonable Factors Other Than Age

Even if plaintiffs could establish a prima facie ADEA claim
under a disparate impact theory, the City would still be entitled
to summary judgment. The City has shown that it decided to
purchase health insurance from OTET based on reasonable factors
other than age. See 29 U.S.C. § 623(f)(1) (employers may take
"otherwise prohibited" actions if "based on reasonable factors
other than age"); Smith v. City of Jackson, 544 U.S. 228, 239
(2005) (plurality opinion) ("the RFOA [reasonable factors other
than age] provision plays its principal role by precluding
liability if the adverse impact was attributable to a nonage
factor that was 'reasonable'"). The City presents evidence that
switching health insurance coverage to OTET saved hundreds of
thousands of dollars and reduced the premiums paid by management
employees. As in Smith, "While there may have been other
reasonable ways for the City to achieve its goals, the one
selected was not unreasonable. Unlike the business necessity
test [applicable in Title VII discrimination cases,] which asks
whether there are other ways for the employer to achieve its
goals that do not result in a disparate impact on a protected

9 - OPINION AND ORDER

class, the reasonableness inquiry includes no such requirement."
544 U.S. at 243.

Plaintiffs argue that the City could have purchased health
insurance that covered retired employees "at the same or lesser
rates than those provided by OTET." Under the ADEA, however, the
City must show its decision to purchase health insurance from
OTET was reasonable, not that it was the only available option.

## III.  Statute of Limitations

Moreover, I conclude the ADEA claims of Steinberg and Deuel
are not timely. Before bringing an ADEA claim, a plaintiff must
file a charge with BOLI within 300 days of the alleged unlawful
discrimination. 29 U.S.C. § 626(d); see Pejic v. Hughes
Helicopters, Inc., 840 F.2d 667, 674-75 (9th Cir. 1988) (ADEA's
notice requirement is equivalent to a statute of limitations).

Employment discrimination claims accrue "upon awareness of
the actual injury, i.e., the adverse employment action, and not
when the plaintiff suspects a legal wrong." Lukovsky v. City and
County of San Francisco, 535 F.3d 1044, 1049 (9th Cir. 2008).
Here, adverse employment action was the City's final refusal to
provide continued health insurance, which was 60 days after the
date of retirement. See Doyle v. City of Medford, 565 F.3d 536,
539 n.1 (9th Cir. 2009) (plaintiffs' civil rights claims accrued
60 days after retirement). Steinberg and Deuel filed tort claim
notices more than 300 days after their claims accrued, so their

10- OPINION AND ORDER

claims are not timely.

Plaintiffs move to strike defendants' arguments on the statute of limitations.  Defendants raised the affirmative defense in their answer, however, so it should not have surprised plaintiffs.  I deny plaintiffs' motion to strike.

### CONCLUSION

Plaintiffs' motions for summary judgment (#118) and to strike (#135) are denied.  Defendants' motion for summary judgment (#122) is granted.

IT IS SO ORDERED.

DATED this __13__ day of October, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE

11 - ORDER